# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-707V
UNPUBLISHED

| | |
|---|---|
| STEVEN S. FLOYD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 1, 2021<br><br>Special Processing Unit (SPU); Proffer; Tetanus-Diphtheria-acellular Pertussis (Tdap); Shoulder Injury Related to Vaccine Administration (SIRVA). |

*William E. Cochran, Jr.*, Black McLaren et al., P.C., Memphis, TN , for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On May 14, 2019, Steven S. Floyd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of his receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on February 3, 2018, he suffered a shoulder injury related to vaccination ("SIRVA") as defined on the Vaccine Injury Table (the "Table"). The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 19, 2021, I issued a ruling that Petitioner was entitled to compensation for his SIRVA. ECF No. 28. On October 29, 2021, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. ECF No. 34 (attached hereto as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $25,000.00 for pain and suffering.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEVEN S. FLOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 19-707V |
| ) | Chief Special Master Brian Corcoran |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 14, 2019, Steven S. Floyd ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa -1 to - 34, alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine that he received on February 3, 2018.  Petition at 1.  On August 19, 2021, the Chief Special Master issued Findings of Fact and Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation.[1]  *See* Findings of Fact and Ruling on Entitlement (ECF #28).

I.   **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$25,000.00** in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 19, 2021 entitlement decision.

This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $25,000.00 in the form of a check payable to petitioner.[2]

                                                                           Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail: lara.a.englund@usdoj.gov

Dated: October 29, 2021

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.