# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0707V
(not to be published)

| | |
|---|---|
| STEVEN S. FLOYD,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 24, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 14, 2019, Steven S. Floyd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that as a result of his receipt of a tetanus-diphtheria-acellular pertussis vaccine on February 3, 2018, he suffered a shoulder injury related to vaccination as defined on the Vaccine Injury Table. On November 1, 2021, a decision

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 35).

Petitioner has now filed a motion for attorney's fees and costs, dated January 26, 2022 (ECF No. 40), requesting a total award of $39,176.33 (representing $37,115.00 in fees and $2,061.33 in costs). In accordance with General Order No. 9, Petitioner has also filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 40-3).   Respondent reacted to the motion on January 26, 2022, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 41). Petitioner did not file a reply thereafter.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney William Cochran and fellow attorneys at the following rates:

|  | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| William Cochran | $391 | $405 | $420 | $435 |
| Michael McLaren | $464 | $484 | X | $501 |
| Christopher Webb | X | $351 | $364 | X |

(ECF No. 40 at 8).

The requested rates for time billed between 2018-21 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. In addition, the requested increases for 2022 are appropriate and will be awarded.

Petitioner also requests the rate of $355 per hour for time billed by law clerks in 2022. (ECF No. 40 at 7). Although the detailed billing records show that no time was billed at this rate by any law clerks, it is considered excessive for a non-barred student. In future, if time should be billed at this rate for law clerks, it shall be reduced to the appropriate rate of a paralegal.

## ATTORNEY COSTS

Petitioner requests $1,758.88 in overall costs. (ECF No. 40-2 at 15). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,176.33** (representing $37,115.00 in fees and $1,758.88 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.